**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARIO ADAWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00168-AGF |
| | ) | |
| UNKNOWN WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of petitioner Mario Adaway's petition for a writ of habeas corpus under 28 U.S.C. § 2241. On July 27, 2026, the Court entered an Order directing Petitioner to either pay the $5 filing fee in this case or file an application to proceed without prepaying fees or costs. Petitioner has now paid the $5 filing fee. However, upon review of the petition, the Court concludes that it lacks jurisdiction and will transfer this case to the United States District Court for the Southern District of Indiana.

Petitioner filed the current petition on or about July 13, 2026. At that time, Petitioner was confined in FCI Terre Haute in Terre Haute, Indiana, where he was serving a sentence after having been convicted in the matter *United States v. Adaway,* No. 1:24-cr-00042-SRC (E.D. Mo. 2024). On August 21, 2026, after filing his petition, Petitioner filed a notice of change of address (ECF No. 3) indicating that he had been transferred by the Bureau of Prisons ("BOP"). He is currently incarcerated at FCI Marion in Marion, Illinois.

In his § 2241 petition, Petitioner specifies that he does not seek to challenge the validity of his conviction or sentence. Instead, he seeks to challenge the manner in which his sentence is being carried out, calculated, or credited by prison or parole authorities. Jurisdiction over such a

petition lies in either the district of physical confinement, or in the district in which a custodian against whom the petition is properly directed is present. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Because Petitioner was not confined within the jurisdiction of this United States District Court at the time of filing his petition, and his custodian was not present here, this Court lacks jurisdiction over the petition. *Id.* at 441 (noting that jurisdiction is determined at the time of filing the petition). If a district court finds it lacks jurisdiction to entertain a civil action, it may, if it is in the interest of justice, transfer such action to any other district court in which the action could have been brought. 28 U.S.C. § 1631. Upon such transfer, the action proceeds as if it had been originally filed in the district court to which it is transferred.

The question here is to where the case should be transferred, considering that Petitioner was incarcerated in the Southern District of Indiana and his custodian was in that District when he first filed his petition, but Petitioner was thereafter transferred to Marion, Illinois. The Court concludes that this action could and should have been brought in the United States District Court for the Southern District of Indiana, which is the jurisdiction in which Petitioner was confined at the time of filing his petition. *See Rumsfeld*, 542 U.S. at 441 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) (noting that a district court had jurisdiction over a § 2241 petition where the petitioner was incarcerated in that district at the time of filing, notwithstanding his subsequent move to another state).

Thus, in cases where the Government has moved a § 2241 habeas petitioner after the habeas petition has been filed, federal courts have concluded that transfer to the district in which the petitioner was incarcerated when he first filed the petition is appropriate. *See, e.g.*, *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (holding that transfer to the district in which the petitioner was incarcerated at the time of filing was required, notwithstanding subsequent transfers of petitioner to various other states); *Tribble v. Killian*, 632 F. Supp. 2d 358, 361–62 (S.D.N.Y. 2009) ("[B]ecause USP Atlanta's warden was Tribble's immediate custodian when he filed his first petition, the Northern District of Georgia still retains jurisdiction over that petition challenging his loss of good time credits.").

In the case at bar, this Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Indiana.

Accordingly,

**IT IS HEREBY ORDERED** that that this action shall be **TRANSFERRED** to the United States District Court for the for the Southern District of Indiana.

Dated this 8th day of October, 2026.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE